**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Manuel BAKER, Defendant/Appellant.**

**No. 85–1013.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1986.

Decided June 3, 1986.

---

Valerie Stewart, Donald J. Campbell, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff/appellee.

John J. Momot, Las Vegas, Nev., for defendant/appellant.

Before WALLACE, FARRIS and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Pursuant to a plea bargain, Baker in 1985 pleaded guilty to two counts of tax evasion in violation of 26 U.S.C. § 7201 (1982), and one count involving distribution of narcotics in violation of 21 U.S.C. § 841(a)(1) (1982). He contends that he was led to plead guilty by a recklessly erroneous or willfully false statement by the prosecutor that six or seven witnesses would testify as to Baker's drug activities. In support of this contention he points to the testimony of a local detective, Travers, at a presentence evidentiary hearing on Baker's motion to correct alleged factual inaccuracies in a presentence report. Travers stated that several informants, fearing retaliation, refused to testify against Baker.

After sentencing, Baker filed a direct appeal with this court. Baker later filed a motion in the district court under Fed.R.Crim.P. 32(d) asking to withdraw his plea for the reasons discussed above. The district court erroneously entertained the motion and denied it. Prior to 1983, Rule 32(d) allowed a defendant to make such a motion, which would be granted only to "correct manifest injustice." Fed.R. Crim.P. 32(d) (1982). The amended rule, however, now provides that, after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Thus a defendant now cannot make a postsentence motion to the trial court to withdraw his guilty plea, and, hence, the district court had no jurisdiction to entertain Baker's motion. We have no jurisdiction to consider the merits of Baker's appeal from the denial of the motion.

We do have before us Baker's direct appeal. Baker's Opening Brief presents arguments based on the trial record that his plea should be set aside because the government fraudulently induced the defendant to enter into plea negotiations. That issue is therefore properly before us.

We review the proceedings to see if any manifest injustice would occur if this plea were not set aside. This was the standard for the district court in postsentencing motions before the 1983 amendment. It is largely indistinguishable from the standard under section 2255, see Fed.R. Crim.P. 32(d) advisory committee note to 1983 amendments, which requires "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). In this appeal, there is no indication that Baker was subjected to any manifest injustice in the negotiation procedure or the sentencing on the plea. There was no fundamental defect resulting in a miscarriage of justice, nor any just reason to allow withdrawal of the plea. See United States v. Campbell, 778 F.2d 764, 767–68 (11th Cir.1985). There is no "right" to withdraw a plea. Sherman v. United States, 383 F.2d 837, 840 (9th Cir.1967). At no point did Baker seriously contend that he was not guilty of the narcotics offense. There are several affidavits on the record from federal law enforcement agents which state that witnesses were expected to and available to testify. Even if Travers' comments could be understood to suggest no witnesses were available to testify at the federal trial, there is nothing to suggest that, at the time of the negotiations, the prosecutor did not truthfully state to Baker's counsel that witnesses were then available.

We find no merit in Baker's appeal. The judgment of the district court is

AFFIRMED.