946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario LONDONO, Defendant-Appellant.
 No. 90-5862.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1991.
Decided Oct. 21, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-97-JH)
 Allen M. Lenchek, Washington, D.C., for appellant.
 Richard D. Bennett, United States Attorney, James R. Alsup, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, K.K. HALL and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mario Londono appeals his conviction for conspiracy to possess with intent to distribute, and to distribute, cocaine in violation of 21 U.S.C. § 846 (1988). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious issues for appeal. Londono has been notified of his right to file a supplemental brief, but he has filed no such brief with this Court.
 
 
 2
 We find the issues raised by counsel without merit. The district court's finding as to the weight of drugs involved is a factual finding which must be affirmed unless clearly erroneous. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). The district court's finding as to a witness's credibility is entitled to due regard. United States v. Sheffer, 896 F.2d 842, 844 (4th Cir.), cert. denied, 59 U.S.L.W. 3362 (U.S.1990), quoting 18 U.S.C.A. § 3742(d) (West 1985 & Supp.1991). The district court's finding that the testimony of Pompilio Vergara was reliable and that Londono was responsible for more than five kilograms of cocaine was not clearly erroneous.
 
 
 3
 We find that Londono has not made a showing of manifest injustice and therefore deny his request to withdraw his guilty plea on direct appeal. See United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986).* Because the present record does not conclusively establish that Londono received ineffective assistance of counsel, this claim must be brought under 28 U.S.C. § 2255 (1988). See United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973).
 
 
 4
 A review of the stipulation contained in the plea agreement demonstrates that the Government was not precluded from offering evidence that Londono was responsible for more than one-half kilogram of cocaine. Consequently, Londono's third claim lacks merit.
 
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm the judgment of conviction.
 
 
 6
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A) (1988 & Supp. I 1989), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Accordingly, we deny counsel's motion to withdraw.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 8
 AFFRIMED.
 
 
 
 *
 Though we deny the request on direct appeal, we do so without prejudice to Londono's right to seek such relief under 28 U.S.C. § 2255 (1988)