953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor POUNCIL, Defendant-Appellant.
 No. 89-10198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and ALARCON and SNEED, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Pouncil appeals his sentence and conviction following entry of a guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and income tax evasion, in violation of 26 U.S.C. § 7201. Pouncil contends the district court erred by (1) illegally sentencing him to a term of supervised release, (2) accepting his plea when that plea was involuntary, and (3) improperly overstating the maximum penalty which Pouncil faced for the charges to which he pleaded guilty. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Supervised Release
 
 
 4
 Pouncil contends that the term of supervised release imposed as part of his sentence by the district court is illegal because the provisions of the Anti-Drug Abuse Act of 1986 which authorized such a term did not enter into effect until November 1, 1987, and he committed the offense of conviction on October 27, 1986. This claim is without merit.
 
 
 5
 We have previously held that section 1002 of the Anti-Drug Abuse Act, which authorized the imposition of a term of supervised release on persons convicted of either large- or small-scale violations of 18 U.S.C. § 841(a)(1), became effective on the date of its signing, October 27, 1986. United States v. Clay, 925 F.2d 299, 302 (9th Cir.1991) (defendant sentenced pursuant to 18 U.S.C. § 841(b)(1)(B)); United States v. Torres, 880 F.2d 113, 115 (9th Cir.1989) (defendant sentenced pursuant to 18 U.S.C. § 841(b)(1)(A)), cert. denied, 493 U.S. 1060 (1990). Therefore, the district court properly imposed a term of supervised release on Pouncil following his guilty plea to the instant offense. See Clay, 925 F.2d at 302; Torres, 880 F.2d at 115.
 
 
 6
 In the alternative, Pouncil appears to contend that we must remand this case to the district court for a factual determination as to whether the offense of conviction occurred before or after 11:59 a.m., P.S.T., which Pouncil asserts and the government concedes was the time of day when the Anti-Drug Abuse Act was signed into law by the President and entered into effect. We decline to reach the merits of this claim because Pouncil failed to raise this objection below. "It is well settled that '[a] party must raise an objection initially to the trial court to preserve it for appeal.' " United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990) (citation omitted).
 
 
 7
 We have held that we may consider an issue raised for the first time on appeal if
 
 
 8
 (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law....
 
 
 9
 Id. at 1302 (quoting United States v. Carlson, 900 F.2d 1346, 1349-1350 (9th Cir.1990)). None of these factors is present here.
 
 II
 Validity of Guilty Plea
 1. Coercion
 
 10
 Pouncil contends the district court should have sua sponte allowed him to withdraw his guilty plea at the sentencing hearing. Pouncil does not contend, nor would the facts support any claim that the district court's Fed.R.Crim.P. 11 hearing at which Pouncil entered his guilty plea was in any way defective or unjust. Rather, Pouncil argues that his unsworn and self-serving statements made to a probation officer between the time of his change of plea and sentencing hearings to the effect that his counsel pressured him into entering his plea required the district court sua sponte to reopen its inquiry into the voluntariness of his plea. This claim is without merit.
 
 
 11
 On direct appeal, we review the district court proceedings "to see if any manifest injustice would occur if [the] plea were not set aside." United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986). Manifest injustice is " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " Id. (quoting Hill v. United States, 368 U.S. 424 (1962)).
 
 
 12
 A defendant has no right to withdraw his guilty plea, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984); rather, the decision to allow withdrawal is within the sound discretion of the district court, United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) ("[a] guilty plea must be the voluntary expression of the defendant's own choice"). Because "[s]olemn declarations in open court carry a strong presumption of verity" when the defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (citation omitted), cert. denied, 484 U.S. 382 (1987), a district court is entitled to credit sworn testimony offered at a Rule 11 hearing over subsequent conflicting statements, Castello, 724 F.2d at 815.
 
 
 13
 Here, all of Pouncil's sworn statements at the change of plea hearing conducted pursuant to Rule 11 establish the voluntariness of his plea. Further, at the time of sentencing, after Pouncil had told the probation office that his counsel had pressured him into changing his plea, Pouncil declined to address the court when asked if he wanted to do so.
 
 
 14
 Given Pouncil's sworn statements establishing the factual basis for, and the voluntariness of his guilty plea at the Rule 11 hearing and his decision not to address the court prior to the imposition of sentence, we find no manifest injustice in the district court's decision not to engage sua sponte in an inquiry into the voluntariness of Pouncil's plea entry. See Baker, 790 F.2d at 1439.
 
 2. Misstatement of Maximum Penalty
 
 15
 Pouncil also argues that his plea was involuntary because the district court overstated the maximum penalty which he could receive for the offenses to which he pleaded guilty. This claim is without merit.
 
 
 16
 The voluntariness of a guilty plea is a question of law reviewed de novo. Marshall v. Loneberger, 459 U.S. 422, 431 (1983); United States v. Sanclemente-Bejarano, 861 F.2d 206, 208 (9th Cir.1988).
 
 
 17
 Rule 11 requires that the court "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the maximum possible penalty provided by law" for the offense to which the defendant is pleading guilty. Fed.R.Crim.P. 11(c)(1). Rule 11 also provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). "Our analysis of harmless error under Rule 11 has generally turned on whether the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received." Sanclemente-Bejarano, 861 F.2d at 210.
 
 
 18
 Even if the district court did mistakenly overstate the maximum penalty, which we do not decide here, the mistake was harmless because Pouncil received a sentence less than the maximum he asserts was appropriate and because he knew that he could receive a sentence as long as the one which he actually did receive. See id.
 
 
 19
 Pouncil's "Motion to File Supplemental Brief of Appellant" is denied.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Pouncil's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3