962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo ANAYA, Defendant-Appellant.
 No. 89-50036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided April 29, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant appeals the district court's denial of his motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). We assume this is a direct appeal, and therefore have jurisdiction, 28 U.S.C. § 1291.[1] We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 The government entered into an oral plea agreement with Appellant on March 28, 1985, under which Appellant pleaded guilty to one count of manufacture of cocaine, in exchange for the government's recommendation of a sentence not in excess of five years, dismissal of two other counts, and its promise not to prosecute Appellant for fraudulently obtaining a United States passport. Appellant admitted his guilt and the court found his guilty plea freely and voluntarily made.
 
 
 4
 On July 12, 1985, Appellant was sentenced to ten years with a three-year special parole term. This sentence was modified on November 18, 1985, to five years with a five-year special parole term. Deportation proceedings were initiated after Appellant completed his sentence.
 
 
 5
 On December 12, 1988, Appellant filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d), claiming that he had not been informed of the deportation consequences of his plea, and that Fed.R.Crim.P. 11(c) requires that a defendant be informed of the maximum penalty under the law. Appellant argued that because "defense counsel inadvertently advised Appellant that no other charges would be placed against [him]," this had the effect of misleading him. The district court denied Appellant's motion on January 19, 1989.
 
 
 6
 The district court held that the relief Appellant sought under Rule 32(d) was not available, as he sought to withdraw his plea after sentencing. Memorandum and Order Denying Defendant's Motion to Withdraw Guilty Plea at 1-2. The district court stated that even if it were to treat Appellant's motion as one under 28 U.S.C. § 2244 (presumably it meant § 2255), Appellant would not prevail because deportation is a collateral consequence of which the court need not apprise a defendant before accepting a guilty plea. Id.
 
 
 7
 The district court cited United States v. Russell, 686 F.2d 35 (D.C.Cir.1982) for factors to be considered in deciding a motion to withdraw a guilty plea under Rule 32(d):[2] 1) Whether the defendant maintains he is innocent; 2) whether allowing the defendant to withdraw his guilty plea would prejudice the government; and 3) whether the defendant's misunderstanding regarding deportation resulted from governmental misconduct. Id. at 3, citing United States v. Russell, 686 F.2d at 39. The district court found that all of these factors weighed against Appellant; Appellant did not maintain his innocence, the government would be prejudiced by having to relocate witnesses and agents, and the government did not mislead him regarding potential deportation. Id. at 3.
 
 STANDARD OF REVIEW
 
 8
 This court reviews de novo a conviction that is arguably invalid as a matter of law. United States v. Jaramillo-Suarez, 857 F.2d 1368, 1369 (9th Cir.1988). A claim of ineffective assistance of counsel, a mixed question of law and fact, is also reviewed de novo. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989).
 
 DISCUSSION
 1. Appellate Jurisdiction
 
 9
 The version of Rule 32(d) in effect when Appellant pleaded guilty reads as follows:
 
 
 10
 PLEA WITHDRAWAL. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.
 
 
 11
 As such, Appellant's motion was improper because it was made under Rule 32(d) after he was sentenced; therefore, the district court was without jurisdiction. United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986) ("[A] defendant ... cannot make a postsentence motion to the trial court to withdraw his guilty plea, and hence, the district court had no jurisdiction to entertain [the] motion."). As such, this court is without jurisdiction to consider the merits of the denial of the motion, and will only consider this a direct appeal. Id. ("We have no jurisdiction to consider the merits of [the] appeal from the denial of the motion. We do have before us [the] direct appeal.").
 
 
 12
 2. District Court's Duty to Inform Appellant of the Deportation Consequences of His Plea Under Rule 11
 
 
 13
 Upon direct appeal, the requirements of Rule 11 must have been complied with, except for technical violations, in order to uphold a guilty plea. United States v. Jaramillo-Suarez, 857 F.2d at 1370 n. 2. It is well settled that deportation is a collateral consequence of which a defendant need not be apprised by the court under Rule 11 in order for the court to accept his guilty plea. Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.1976), cert. denied 429 U.S. 895 (1976). Failure of the court to inform a defendant of the collateral consequences of a guilty plea does not violate due process. Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir.1988) (failure of the court to inform a defendant that he could still be sentenced to state prison after being committed to the California Youth Authority did not violate due process). Moreover, Appellant acknowledges that he was not misled by any prosecutorial misconduct. Neither Rule 11 nor due process has been violated.
 
 3. Ineffective Assistance of Counsel
 
 14
 Appellant seems to argue that because defense counsel advised him that no other charges would be filed against him, this had the effect of misleading him about the deportation consequences of his plea and amounted to ineffective assistance of counsel. Although a claim of ineffective assistance of counsel may be used to attack the voluntariness of a guilty plea, Torrey v. Estelle, 842 F.2d at 237, such claims are customarily dealt with only in habeas corpus proceedings. United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991) ("We do not reach the merits of [appellant's] ineffective assistance of counsel claim, because this case is on direct appeal."). We decline to reach the merits of this claim.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See pages 4-5, infra
 
 
 [2]
 The version of Rule 32(d) referred to in Russell allowed for post-conviction motions to withdraw a guilty plea, and is not the version that was in effect when Appellant pleaded guilty. It is questionable whether these factors are to be considered in a direct appeal