967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Vega ORTIZ, Defendant-Appellant.
 No. 91-10046.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 17, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guadalupe Vega Ortiz appeals from the district court's imposition of sentence after his guilty plea to conspiracy and the unlawful use of a communication facility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On May 17, 1990, Vega was charged in a superseding indictment with one count of conspiracy to possess with the intent to distribute heroin and cocaine, one count of distribution of cocaine, one count of distribution of heroin and three counts of unlawful use of a communication facility.
 
 
 4
 On November 6, 1990, Vega entered a plea of guilty to the conspiracy count and to one count of unlawful use of a communication facility. Vega was subsequently sentenced to a term of imprisonment of 120 months.
 
 II
 
 5
 Vega first contends that the district court imposed sentence in violation of Fed.R.Crim.P. 32(a)(1)(A). Specifically, Vega argues that the district court failed to establish that the presentence report was made available to him prior to sentencing.
 
 
 6
 Fed.R.Crim.P. 32(a)(1)(A) provides that, before imposing sentence, the district court shall "determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." We review de novo the legal requirements of Rule 32. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984).
 
 
 7
 At the sentencing hearing on January 14, 1991, Vega stated that he "would like to examine" the presentence report. The following colloquy ensued:
 
 
 8
 The Court: You say you would like to examine the PSI?
 
 
 9
 Mr. Vega: (Through Spanish Interpreter) Yes, the report from probation.
 
 
 10
 Ms. De Kelver: [Defense counsel] Your honor--
 
 
 11
 Mr. Vega: (Through Spanish Interpreter) Because I haven't seen it.
 
 
 12
 Ms. De Kelver: Your honor, I talked with Mr. Vega about the probation report in a telephone call. The probation report is in English, and so I didn't forward a copy of it to him. I can do that because I think he has the resources for someone to translate it to him or I can take an interpreter out there to translate it for him.
 
 
 13
 The Court: Okay. I guess my only question is that will take place after the sentencing as things are now set. Would you ask Mr. Vega if he's saying he wanted to see the report before I sentence him or does he intend to go forward with the sentence and then make sure he gets the report afterwards. (Translator translating)
 
 
 14
 Ms. De Kelver: He would like to go ahead with the sentencing, your honor.
 
 
 15
 In this case, defense counsel affirmed that she reviewed the presentence report with Vega prior to sentencing. As in United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991), Vega "never indicated that he disagreed with his attorney or that the report was not understood." Consequently, as in Maree, the district court met its burden under Fed.R.Crim.P. 32(a)(1)(A). Id. Although Vega did not receive a copy of the report 10 days prior to sentencing as required by 18 U.S.C. § 3552, Vega waived that right when he elected to proceed with sentencing. See 18 U.S.C. § 3552(d).
 
 
 16
 Vega also argues that the district court failed to inform him of his right to read the presentence report and to correct erroneous information. Rule 32, however, imposes no requirement on the district court to inform a defendant of those rights. "It is sufficient that the defendant and his attorney have ample opportunity to alert the court of any presentence report inaccuracies." Maree, 934 F.2d at 200. Moreover, Vega does not now contend that the presentence report was erroneous or that the district court imposed sentence on the basis of false information. See Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). Consequently, Vega is not entitled to have his sentence vacated. Id. at 1360.
 
 III
 
 17
 Vega also contends that the district court erred in sentencing him after he protested his innocence and stated that his plea was induced by duress.
 
 
 18
 The record of the sentencing hearing establishes that Vega made the following statement:
 
 
 19
 Mr. Vega: (Through Spanish Interpreter) Your honor, with all the respect that you deserve, I would like to clarify that in the statements which I wrote on November 6th, 1990 upon request of the attorney, since the third time that you proposed to me if I accepted guilt for the charges that the attorney was filing against me and ten years in prison that my mother would be freed on December 17th of 1990.
 
 
 20
 In my desperation trying to see my mother free, since as I already mentioned before she's only a victim of the situation in which we found ourselves, and she is completely innocent, and not seeing any other possibility for my mother to be freed immediately, and without being able to think clearly due to nervousness, I decided to accept the proposal of my defending attorney.
 
 
 21
 I also wish to clarify that after signing the document of guilt and after a brief interchange of words between my defending attorney and Mr. Prosecutor, she let me know that together with this signature I have to make a brief statement with the charges that I was pleading guilty to. And I let her know that I didn't know what to write because I had not mentioned the--to her nothing of what she suggested that I should mention had even happened except for the use of the telephone.
 
 
 22
 Under Fed.R.Crim.P. 32(d), the district court may permit withdrawal of a plea of guilty "upon a showing by the defendant of any fair and just reason." On direct appeal, we review the district court proceedings "to see if any manifest injustice would occur if [the] plea were not set aside." United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986). Manifest injustice is a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id. In this case we find no manifest injustice. It is not at all clear that Vega ever wished to withdraw his plea at the sentencing hearing. Indeed, on appeal, Vega admits that "it is not suggested ... that appellant's brief statement was an application to withdraw his plea." Consequently, the district court committed no error in sentencing Vega after his statement.
 
 IV
 
 23
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3