UNITED STATES of America, Plaintiff,

v.

**Curtis Alan PAULSON, Ronald Warren Paulson, Margaret Paulson, Donald Paulson, Nancy J. Paulson, a/k/a Nancy J. Sangray, David A. Schuller, Michael R. Mack, Charles K. Fields, Henry G. Garcia, Thomas F. Williams, Bruce Donald Hilbig, and Brad Wayne Boyken, Defendants.**

No. CR-91-027-GF.

United States District Court,
D. Montana,
Great Falls Division.

July 7, 1992.

---

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff.

Bert Fairclough, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

Defendant Margaret Paulson pled guilty to the criminal offense of conspiring to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The plea agreement effected between Paulson and the government, pursuant to Fed.R.Crim.P. 11(e)(1)(B), was reduced to writing and filed in the record on March 2, 1992. In accordance with the mandate of Fed.R.Crim.P. 11(d), Paulson's plea of guilty was accepted by the court in open court on March 2, 1992. Paulson now moves to withdraw her plea, asserting she did not enter the plea voluntarily, but as a result of threats and coercion on the part of the government. Specifically, Paulson maintains she entered the plea only because the government had advised all co-defendants in this matter that it would resist severance of any of the co-defendants for trial, and would only enter plea negotiations if all members of the Paulson family, named as defendants herein, agreed to plead guilty.

Although as a general rule, federal district court judges freely allow the withdrawal of guilty pleas before sentencing, there exists no right to withdraw a guilty plea before sentencing. *United States v. Ramos*, 923 F.2d 1346 (9th Cir. 1991). Rather, Fed.R.Crim.P. 32 vests the trial court with discretion to allow withdrawal of a guilty plea before sentencing upon defendant's showing of any "fair and just" reason. Fed.R.Crim.P. 32(d). A guilty plea, however, cannot be withdrawn after sentencing unless manifest injustice would result. *Ramos*, 923 F.2d at 1358 (*citing, United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir.1986)). "A defendant's attempt to withdraw a guilty plea after a co-defendant has been sentence is akin to that of a defendant who seeks to withdraw his plea after sentencing." *United States v. Ramos*, 923 F.2d at 1358 (*citing, United States v. Kay*, 537 F.2d 1077, 1078 (9th Cir.1976) (*per curiam*)).[1]

---

1. Fed.R.Crim.P. 32(d), as amended, provides that after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Consequently, a district court has no jurisdiction to entertain a post-sentence motion to withdraw a plea of guilty pursuant to Fed.R.Crim.P. 32. *See, United States v. Baker, supra.*

Paulson seeks to withdraw her plea after numerous of her co-conspirators have been sentenced. *See*, p. 635, n. 2, *infra*.

The first indication that Margaret Paulson did not wish to stand by her plea of guilty came at the May 7, 1992, sentencing hearing of Paulson and five of her co-defendants, four of which were members of Margaret Paulson's immediate family (Donald, husband; Nancy, daughter; Curtis, son; and Ronald, son).[2] After her husband, Donald, and Charles Mack were sentenced, Margaret Paulson was called before the court for sentencing. During the court's colloquy with Paulson, she expressed reservations about her plea of guilty based upon her perception that the defendants should have been severed for purposes of trial. Additionally, Paulson advised the court, both personally and through her attorney, that her plea was, in essence, an *Alford* plea, entered to further the best interests of her two sons.[3] Nonetheless, after being afforded time to consult with her counsel, Paulson expressly advised the court that she did not wish to withdraw the plea of guilty. The court, however, deemed it prudent to continue the sentencing of Paulson to afford her the opportunity to further consult with her counsel. The court proceeded to sentence co-defendants Curtis and Ronald Paulson.

■ On June 1, 1992, the date set for her sentencing, Margaret Paulson formally moved to withdraw her plea of guilty. Accordingly, the court conducted a hearing upon Paulson's motion. Maintaining that she was innocent of any criminal activity, Paulson advised the court she entered the plea agreement in order to ensure that her husband and sons would enjoy the benefit of the plea agreement offered by the government. Upon motion of counsel for Paulson requesting leave to withdraw as counsel of record, the court continued the hearing upon Paulson's motion to withdraw her plea to afford new counsel of record an opportunity to prepare for the hearing.

On July 2, 1992, the court convened a hearing upon Paulson's motion to withdraw her plea. At the time of hearing, Paulson reiterated that she entered a plea of guilty, not because she believed she was guilty of criminal conduct, but because her pleading guilty would benefit her husband and sons.

■ The issue before the court is whether manifest injustice will occur if Margaret Paulson is not allowed to withdraw her plea. A mere change of heart by a defendant[4], however, does not justify permitting a defendant to withdraw a plea of guilty and, most certainly, a denial on that basis would not constitute manifest injustice. *See, United States v. Rios–Ortiz*, 830 F.2d 1067 (9th Cir.1987).

■ The fact Margaret Paulson chose to enter her plea of guilty because by doing so she fostered the best interests of her husband and sons, all co-defendants, does not operate, standing alone, to render her plea involuntary. There exists no indication that Paulson was unaware of the consequences of her plea. Likewise, the fact the government presented the plea agreement to numerous co-defendants on a joint basis does not render Paulson's plea involuntary. A defendant has no constitutional

Cognizant of the Ninth Circuit's recognition in *Ramos* of the continued vitality of its statement in *Kay*, to the effect that an attempt by a defendant to withdraw a plea after a co-defendant has been sentenced, is akin to that of a defendant who seeks to withdraw his plea after sentencing, the court views Paulson's motion to withdraw her plea as a motion presented pursuant to 28 U.S.C. § 2255. Accordingly, the court applies the "manifest injustice" standard in assessing the merits of Paulson's motion. *See, Baker*, 790 F.2d at 1438 (recognizing that the manifest injustice standard under Fed.R.Crim.P. 32(d) is "largely" indistinguishable from the section 2255 standard which requires "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair

procedure." (*citing, Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

**2.** The court notes that the initial sentencing hearing for Margaret Paulson post-dated the entry of a Judgment and Commitment against two other co-defendants, *i.e.*, Charles K. Fields and Bruce Donald Hilbig.

**3.** *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (held accused may plead guilty without admitting acts of crime or even protesting innocence if he intelligently concludes his interest so requires and the record strongly evidences guilt).

**4.** *See*, n. 1, *supra*.

right to a plea bargain. *United States v. Montilla,* 870 F.2d 549 (9th Cir.1989). As recognized by the court in *Montilla,* "[a] forced choice between asserting a constitutional right at trial and accepting the government's offer, while undoubtedly difficult, is not unconstitutional." 870 F.2d at 553.

Margaret Paulson simply found herself in that difficult situation. Having been indicted for conspiring with her husband, daughter, and sons to distribute marijuana in violation of the law, she faced a decision of exercising her right to a public trial by jury or accepting the plea agreement which, by her own admission, she realized was in the best interest of her family members. Her decision to enter a plea of guilty, and forego her right to trial was undoubtedly difficult but, as the record clearly establishes, the decision was voluntarily made. The court is unable to conclude that manifest injustice will result in refusing to allow Margaret Paulson to withdraw her plea. Rather, allowing Paulson to withdraw her plea at this juncture would clearly "undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." *United States v. Ramos,* 923 F.2d at 1359 *(citing, Kadwell v. United States,* 315 F.2d 667, 668 (9th Cir.1963)).

Therefore, IT IS HEREBY ORDERED that the motion of Margaret Paulson requesting permission to withdraw her plea of guilty is DENIED.