8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William HARVEY, Defendant-Appellant.
 No. 93-30132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Harvey appeals pro se the district court's denial of his Fed.R.Crim.P. 32(d) motion to withdraw his guilty plea and related motions. Harvey previously pled guilty to three counts of distribution of methamphetamine. He contends the district court erred by denying his Rule 32 motion to withdraw his guilty plea. We affirm.
 
 
 3
 Rule 32 provides that, after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Fed.R.Crim.P. 32(d); see also United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986).
 
 
 4
 On June 25, 1990, Harvey pled guilty to the instant offenses. Prior to sentencing, he moved under Rule 32(d) to withdraw his guilty plea. On August 19, 1991, the district court denied the motion and imposed a 188-month sentence. On appeal, we upheld the district court's denial of Harvey's motion to withdraw his guilty plea in an unpublished memorandum disposition. On October 19, 1992, Harvey filed a second Rule 32(d) motion and related motions to withdraw his guilty plea. The district court ruled that it could not entertain a Rule 32(d) motion to withdraw a guilty plea. The court then denied the Rule 32(d) motion and related motions. There is no error.
 
 
 5
 Because Rule 32(d) limits Harvey's avenues of relief to either a direct appeal or a 2255 motion, the district court properly determined that it had no jurisdiction to entertain the motion. See Fed.R.Crim.P. 32(d); Barker, 790 F.2d at 1438. To the extent Harvey relies on Fed.R.Civ.P. 15(a) and 60(b) for relief, we note that neither rule is applicable in criminal proceedings.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3