12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward SOUSA, Defendant-Appellant.
 No. 92-50366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Edward Sousa appeals his conviction and 168-month sentence following entry of a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a).
 
 
 3
 Counsel for Sousa filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified one issue for review: whether Sousa should be permitted to withdraw his guilty plea and proceed to trial. This claim is further developed in Sousa's pro se supplemental brief where Sousa argues that his plea was not knowing and voluntary.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 On direct appeal, we review the district court proceedings "to see if any manifest injustice would occur if ... [the] plea were not set aside." United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986). Manifest injustice is " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " Id. (quoting Hill v. United States, 368 U.S. 424 (1962)).
 
 
 5
 "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); accord Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) ("A guilty plea must be the voluntary expression of the defendant's own choice."). Because " '[s]olemn declarations in open court carry a strong presumption of verity' " when the defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (quoting United States v. Moore, 599 F.2d 310, 314 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980)), cert. denied, 484 U.S. 382 (1987), we are entitled to credit sworn testimony offered at a Fed.R.Crim.P. 11 hearing over subsequent conflicting statements, cf. United States v. Castello, 724 F.2d 813, 815 (9th Cir.) (district court entitled to credit sworn testimony at Rule 11 hearing over subsequent conflicting statements), cert. denied, 467 U.S. 1254 (1984).
 
 
 6
 Sousa premises his argument in large part on the contention that his counsel provided him with ineffective assistance, claiming that counsel was ill-prepared, pressured Sousa into entering a guilty plea, and told Sousa not to inform the district court that Sousa was under the influence of heroin when the plea was entered. Sousa also alleges that trial counsel failed to file a motion to withdraw his guilty plea despite Sousa's desire to do so. Claims of ineffective assistance of counsel are generally not reviewed on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Accordingly, we decline to address the ineffective assistance of counsel claims.
 
 
 7
 At the Rule 11 hearing, a factual basis for the plea was established. Additionally, Sousa was informed of the maximum sentence which he faced, including the potential term of supervised release. He was also informed of the constitutional rights he would be waiving as a result of his plea and acknowledged his understanding of those rights. He further stated that he had not been coerced into entering his plea and that he was not under the influence of any drugs or alcohol.
 
 
 8
 In the absence of the unproven allegations of ineffective assistance of counsel, we discern no evidence that Sousa's guilty plea was other than voluntarily and intelligently entered into and find no manifest injustice in the district court's acceptance of that guilty plea. See Baker, 790 F.2d at 1439.
 
 
 9
 The motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evaluation of the Anders brief submitted by the Federal Public Defenders office, as well as our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other meritorious issues for review