92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda SAMPLE, Defendant-Appellant.
 No. 93-10561, 93-10564.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1996.
Decided July 22, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Linda Sample appeals the district court's denial of her motion to withdraw her guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure. She also appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate the sentence imposed following her plea of guilty to making a false loan application (18 U.S.C. § 1014) on the ground that her guilty plea was invalid.
 
 
 4
 We are without jurisdiction to consider Sample's motion to withdraw her guilty plea. Rule 32(d), as amended, provides that after sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." A defendant has no right to make a postsentence motion in the trial court to withdraw a guilty plea, and the district court is without jurisdiction to entertain that motion. See United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986); United States v. Paulson, 798 F.Supp. 634, 635 n. 1 (D.Mont.1992), aff'd United States v. Mack, 993 F.2d 885 (9th Cir.1993).
 
 
 5
 We also affirm the district court's decision not to appoint counsel for Sample's § 2255 motion. Defendants do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 6
 Sample argued that she was denied effective assistance of counsel at the time she entered her guilty plea because her counsel failed to explain that her plea agreement required her to waive her right to appeal the sentence. In a federal habeas action, a claim of ineffective counsel presents mixed questions of fact and law and is reviewed de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance and (2) that defendant was prejudiced by reasons of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-690 (1984); United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1147 (1995). The district court's decision not to conduct an evidentiary hearing on ineffective assistance of counsel is reviewed for an abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994).
 
 
 7
 Here there is no showing of ineffective assistance of counsel. The validity of the plea agreement is not in issue, but Sample disputes the amount of restitution awarded by the trial judge at sentencing. Sample conceded at oral argument that the plea agreement was appropriate and apart from the amount of restitution awarded, satisfactory.
 
 
 8
 Sample claimed that the district court erroneously included consequential damages in determining the amount of restitution payable to Home Savings of America, on a residential loan,[1] but the amount of restitution had been stated in the plea agreement. Moreover, we conclude that the amount of restitution is reasonable and proper under U.S.S.G. § 2B1.1, Commentary, Application Notes 2 and 3. See United States v. King, 915 F.2d 269, 272 (6th Cir.1990).
 
 
 9
 In passing, Sample requests that the court rehear en banc whether public policy precludes waiver of the right to appeal sentencing issues contained in plea agreements. Although we have held that public policy strongly supports plea agreements in which the defendant has waived the right to appeal, United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992), we do not address that issue in this case.
 
 
 10
 In summary, the district court's denial of Sample's request for appointed counsel to pursue her § 2255 motion is affirmed. The court is without jurisdiction to consider Sample's appeal of the denial of her motion to withdraw her guilty plea under Rule 32(d). Finally, the district court's order denying § 2255 relief is affirmed.
 
 
 11
 The appeal from the denial of the motion to withdraw is DISMISSED. The remaining orders appealed from are AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sample was granted a loan of $276,000 and defaulted, leaving an unpaid balance of $275,880. Home Savings subsequently discovered misrepresentations on Sample's loan application. Home Savings foreclosed on the property in August 1991 and sold the residence a year later for $270,000. Home Savings incurred a $5,880 loss on the property and incurred the following costs and expenses: foreclosure fees--$4,322; property taxes--2,008; homeowner's dues--$2,510; maintenance/repairs--$1,973; and closing costs--$27,471. The costs and fees along with the $5,880 loss from the resale of the residence total $44,181. The plea agreement set the amount of restitution at $40,726