NOT FOR PUBLICATION



FILED

MAR 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JERRY L. KEENAN; CYNTHIA S. KEENAN, | ) ) ) | No. 15-70997 |
| Petitioners-Appellants, | ) ) | Tax Ct. No. 8917-09 |
| v. | ) ) | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Respondent-Appellee, | ) ) ) | |

Appeal from a Decision of the
United States Tax Court

Submitted March 14, 2017**
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

Jerry and Cynthia Keenan (hereafter "Taxpayers") appeal the decision[1] of

the United States Tax Court that determined the deficiency in their income tax for

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]Order and Decision dated January 5, 2015.

2003 and the amount of the accuracy-related penalty thereon issued after the Tax Court had entered an order[2] precluding them from filing a motion to be relieved from the effect of a stipulation. We vacate the decision and remand for further proceedings.

As relevant here, Taxpayers entered into a stipulation with the Commissioner of Internal Revenue ("Commissioner") that they would be bound by the ultimate decision in the then pending case of *Curcio v. Commissioner*, Tax Court Docket No. 1768-07, regarding the manner of calculation of the adjustment and redetermination of "the tax consequences of participation in the 'Benistar 419 Advantage Plan.'" In that stipulation, they also agreed that "the applicability of the penalty under I.R.C. § 6662(a)" would be determined "in the same manner that such penalty" was determined in *Curcio*. After the issues were decided in a manner adverse to their position,[3] Taxpayers sought to be relieved from their stipulation insofar as it related to the penalty. The parties agree that a taxpayer can be relieved from the effect of a stipulation when "manifest injustice would result." *Bail Bonds by Marvin Nelson, Inc. v. Comm'r*, 820 F.2d 1543, 1547 (9th Cir.

---

[2]Order dated December 3, 2014.

[3]*See Curcio v. Comm'r*, 689 F.3d 217, 229 (2d Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2826, 186 L. Ed. 2d 884 (2013).

2

1987); *see also* Tax Ct. R. 91(e); *cf. United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir. 1986) (defining manifest injustice in the area of "postsentencing motions").

Here, in its order of December 3, 2014, the Tax Court determined that any motion by the Taxpayers to set aside the stipulation would be untimely because of their failure to comply with its order "served January 23, 2014, in which they were ordered to show cause in writing why decision should not be entered based on the stipulation to be bound by the Curcio case." That foreclosed the filing of a motion to set aside the stipulation. However, the Tax Court overlooked the fact that the January 23, 2014, order directed that Taxpayers' response should be filed on a date after the Commissioner filed "a proposed decision." The Commissioner did not file that proposed decision before the December 3, 2014, order was issued. Thus, the Tax Court's decision was based upon a clear factual error, and resulted in an abuse of discretion. *See Bail Bonds*, 820 F.3d at 1547; *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). Because the Tax Court's order essentially precluded the Taxpayers from presenting their position to that court in any meaningful way,[4] we are unable to hold that they did not suffer

---

[4]As the Tax Court noted in its January 5, 2015, order, it based its decision on the fact that the Taxpayers did not file a motion, detail unusual facts, or file

(continued...)

3

prejudice from the court's error.

VACATED and REMANDED. Costs are to be taxed against the

Commissioner.

---

[4](...continued)
affidavits.  While the Taxpayers did submit some limited argument about the merits of their proposed position on the stipulation, the Tax Court's order of December 3, 2014, left the Tax Court with a record from which it did not and could not "detail its reasoning" in that regard.  *See Estate of Trompeter v. Comm'r*, 279 F.3d 767, 770 (9th Cir. 2002).