UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph SHARON, Defendant-Appellant.

No. 85–5293.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1987.

Decided March 18, 1987.

As Amended April 6, 1987.

Victor Sherman, Janet Sherman, Santa Monica, Cal., for defendant-appellant.

Laurie L. Levenson, Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT, and REINHARDT, Circuit Judges, and MUECKE,[*] Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Sharon argues that the district court judge's failure to advise him of a special parole term violated Federal Rule of Criminal Procedure 11. He also argues that the court violated Federal Rule of Criminal Procedure 32 by not making and attaching findings as to the accuracy of the presentencing materials. We reverse because Rule 11 was violated.

BACKGROUND

The judge asked Sharon if he had been advised of the maximum penalty provided by law for the offenses to which he was pleading guilty. Sharon was advised that he could face up to 21 years imprisonment. No mention of a special parole term was made. The judge imposed a 10–year special parole term.

At sentencing, Sharon challenged portions of the government's sentencing memorandum. The government then submitted an amended memorandum. Some of the controverted material remained in the amended memorandum. Prior to sentencing, the judge stated that he was restricting the basis of the sentence to the amended presentence report prepared by the Probation Department and the material submitted by the defense. The presentence

---

[*] Of the District of Arizona.

report may have contained the challenged materials.

ANALYSIS

## I. *Federal Rule of Criminal Procedure 11*

■ Federal Rule of Criminal Procedure 11(c)(1) requires the district court, before it accepts a guilty plea, to inform the defendant of "the maximum possible penalty provided by law, including the effect of any special parole term...." The district court is also required to determine that the defendant understands what he has been told.

Here the court violated Rule 11 by not informing Sharon of the special parole term. Sharon was told by the district court that he faced a maximum sentence of 21 years. In fact, the maximum was 21 years plus a special parole term of a minimum of three years and a maximum of life.

He was sentenced to serve 10 years in prison followed by a 10–year special parole term on one count, and given four- and two-year suspended sentences on the others. He was also placed on probation for a period of five years. His sentences were all consecutive.

A special parole term under 21 U.S.C. § 841(c) is in addition to other parole. If special parole is revoked and the defendant is returned to prison, he must serve any of his remaining sentence plus the entire term of his special parole without credit for any time served on parole prior to revocation. 21 U.S.C. § 841(c); *Bunker v. Wise*, 550 F.2d 1155, 1158–59 (9th Cir.1977).

■ If Sharon violates his parole or probation, his liberty could be restricted for well over 21 years. Sharon was entitled to be informed of this fact before pleading guilty. The failure to advise him of the special parole term affected his substantial rights. The error was not harmless. Fed. R.Crim.P. 11(h); *see Carter v. McCarthy*, 806 F.2d 1373, 1377 (9th Cir.1986).

The government has suggested that we remand for resentencing rather than providing Sharon the opportunity to plead anew. We decline to do so. The unlawful plea cannot stand, unless upon remand Sharon should waive his right to have it set aside. *See McCarthy v. United States*, 394 U.S. 459, 463–64, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969); *George v. United States*, 633 F.2d 1299, 1300 (9th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1397, 67 L.Ed.2d 368 (1981); *Bunker v. Wise*, 550 F.2d 1155, 1159 (9th Cir.1977).

## II. *Federal Rule of Criminal Procedure 32(c)(3)(D)*

Federal Rule of Criminal Procedure 32(c)(3)(D) governs the trial court's actions when the defendant challenges the presentence report's accuracy:

> [T]he court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

The rule further provides that a written report of the findings or determinations shall be attached to the presentence report for use by the Parole Commission or Bureau of Prisons. Strict compliance with this Rule is required, and "failure to comply will result in remand." *United States v. Edwards*, 800 F.2d 878, 881 (9th Cir. 1986).

■ In this case, Sharon clearly challenged portions of the government's sentencing memorandum. If the government's memo were incorporated into the official report of the presentence investigation by the probation officer or copied therein, then the Rule 32 hearing and findings would be required.

On the record we have to review, we cannot tell if such findings or determinations were attached to the presentence report. If Sharon is sentenced again, the judge should attach the findings and determinations required by Rule 32. *See Edwards*, 800 F.2d at 884; *United States v. Travis*, 735 F.2d 1129, 1133 (9th Cir.1984).

REVERSED and REMANDED.