892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo Espinosa ELENES, Defendant-Appellant.
 No. 89-30008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1989.
Decided Dec. 12, 1989.
 
 Before EUGENE A. WRIGHT, TANG and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We consider a claim of outrageous government conduct and an alleged failure by the district court to make findings at sentencing as required by Fed.R.Crim.P. 32(c)(3)(D).
 
 BACKGROUND
 
 3
 Eduardo Espinosa Elenes and five others were arrested following a six-month FBI undercover investigation into large-scale cocaine dealing in the Portland area. A grand jury returned a 24 count indictment charging them with narcotic offenses.
 
 
 4
 After jury selection and opening arguments and, prior to the government calling witnesses, Elenes entered into a plea agreement with the government, which provided that he would be sentenced under pre-guideline law. The presentence report, however, was prepared as though the sentencing guidelines applied.
 
 
 5
 Elenes' counsel objected to the report, indicating for the first time that the FBI had engaged in outrageous conduct. At the sentencing hearing, Judge Redden stated that he was sentencing under pre-guideline law, and imposed a 20-year term and a $50 penalty.
 
 
 6
 Elenes appeals the entry of his plea and the court's sentence. We have jurisdiction under 28 U.S.C. § 1291.
 
 DISCUSSION
 I. Outrageous Government Conduct
 
 7
 Elenes argues that the FBI engaged in outrageous conduct by purchasing cocaine from him seven times before arresting him. We need not reach the merits of this claim because he waived it on appeal.
 
 
 8
 He has waived the claim for two reasons. First, he failed to raise it properly in the district court. Generally, an issue not presented to the trial court may not be raised for the first time on appeal. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Exceptions to this rule have been found where (1) a new theory or issue arises while an appeal is pending; (2) the issue conceded or neglected below is purely one of law and does not affect or rely on the factual record developed by the parties; or (3) plain error has occurred and injustice might otherwise result. Id. at 1012.
 
 
 9
 Elenes first raised this constitutional argument after his plea, in his objections to the presentence report. He made no motion, the government had no opportunity to respond to the argument, and the court was never asked to rule on it. In addition, he does not argue in his briefs for the application of the exceptions, and none appears to apply.
 
 
 10
 Second, a guilty plea erases claims of constitutional violation antedating the plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). As an exception to this rule, the Supreme Court has held that a meritorious claim of prosecutorial vindictiveness amounting to a due process violation survived a guilty plea, because the claim "went to the very power of the State to bring the defendant into court...." Blackledge v. Perry, 417 U.S. 21, 30 (1974); see also Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam) (extending Blackledge to a double jeopardy claim).
 
 
 11
 The Court recently clarified the Blackledge/Menna doctrine in United States v. Broce, 109 S.Ct. 757 (1989). It limited it to cases in which the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment. Id. at 765; Montilla, 870 F.2d at 552.
 
 
 12
 In this case, the Blackledge/Menna exception does not apply. The indictment gives no indication on its face that the government engaged in outrageous conduct. Moreover, establishing the truth of Elenes' allegations would have required further evidentiary proceedings. See Montilla, 870 F.2d at 553.
 
 
 13
 Elenes waived his claim of outrageous government conduct.
 
 II. Application of Rule 32(c)(3)(D)
 
 14
 Elenes argues that the court failed to apply Fed.R.Crim.P. 32(c)(3)(D), which reads:
 
 
 15
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 16
 Strict compliance with Rule 32(c)(3)(D) is required and failure to comply will result in remand. United States v. Sharon, 812 F.2d 1233, 1234 (9th Cir.1987). The rule is designed to "help reduce unnecessary appeals based on the parties' misunderstanding of the record." United States v. Ibarra, 737 F.2d 825, 828 (9th Cir.1984).
 
 
 17
 The probation officer recommended in the presentence report that Elenes' sentence be enhanced because of his role as a "manager or supervisor" and his use of a firearm in the drug transactions. In responding to the report, Elenes objected to the factual basis for those recommendations. Although the court stated that it would take into account the culpability of Elenes and whether weapons were used during the commission of the offense in passing sentence, Judge Redden made no explicit findings on these issues. He failed to comply with Rule 32(c)(3)(D), and remand for resentencing is required.[1] See United States v. Pettito, 767 F.2d 607, 610 (9th Cir.1985).
 
 
 18
 When Elenes is resentenced, the district court may rely on a presentence report prepared using the sentencing guidelines, if it imposes sentence under pre-guideline law in accordance with the plea agreement. See United States v. Twomey, 845 F.2d 1132, 1135 (1st Cir.1988); United States v. Vega, 860 F.2d 779, 800-01 (7th Cir.1988); United States v. Burgess, 858 F.2d 1512, 1514 (11th Cir.1988).
 
 
 19
 AFFIRMED IN PART and REMANDED IN PART. We VACATE sua sponte the $50 penalty assessment. See Shah v. United States, 878 F.2d 1156, 1163 (9th Cir.), cert. denied, 110 S.Ct. 195 (1989); United States v. Munoz-Flores, 863 F.2d 654 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Elenes also objected to the recommendation in the presentence report that his sentence not be reduced for "acceptance of responsibility." The court stated that it would not take this factor into account when passing sentence. No findings or determinations were required on this issue under Rule 32(c)(3)(D) because a sentence reduction for "acceptance of responsibility" was not available under pre-guideline law