967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen E. WEILAND, Defendant-Appellant.
 No. 91-35943.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen E. Weiland appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Weiland contends that the district court's failure to advise him of a mandatory special parole term when he entered his guilty plea constituted reversible error. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the legality of a criminal sentence. Rodriguera v. United States, 954 F.2d 1465, 1467 (9th Cir.1992). We vacate the district court's judgment and remand to allow Weiland to plead anew.
 
 
 3
 * FACTS & PROCEDURAL BACKGROUND
 
 
 4
 On December 1, 1986, Weiland pleaded guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C.App. § 1202(a)(1) (Count 4).[1] At the plea hearing, the district court informed Weiland that:
 
 
 5
 [O]n the drug count I could impose a maximum sentence of fifteen years in prison or a fine of $250,000 or both; and then on the gun count, it would be two years in prison and a fine of $250,000 or both. So the maximum total [sentence] which I could impose if I were to impose the maximum and they were to be consecutive, Mr. Weiland, would be seventeen years in prison and a fine of $500,000 or both.
 
 
 6
 In fact, however, Weiland faced a mandatory minimum special parole term of three years in addition to the penalties of which he was advised. See 21 U.S.C. § 841(b)(1)(B) (Supp. III 1985). Neither the district court, the prosecutor, nor defense counsel made any mention of the mandatory special parole term at the plea hearing.
 
 
 7
 On February 23, 1987, the district court sentenced Weiland to a fifteen-year term of imprisonment on Count 1, to be followed by a special parole term of three years, and on Count 4, to a two-year term of imprisonment to run consecutively to the sentence imposed on Count 1. The district court also required that Weiland serve one-third of his sentence before becoming eligible for parole pursuant to 18 U.S.C. § 4205(a) and imposed a $50 special assessment fee on each count.
 
 
 8
 On April 13, 1989, Weiland filed a section 2255 motion in which he claimed that (1) his guilty plea was not valid because the district court had not informed him of the mandatory special parole term; and (2) he received ineffective assistance of counsel because his attorney did not inform him of the special parole term nor object when the district court imposed it.[2] In its response to the motion, the government conceded that the district court had erred by failing to inform Weiland of the special parole term at the plea hearing, but requested a hearing "to determine if defendant was in fact prejudiced and if any prejudice can be 'cured' by removal of the special parole term" (footnote omitted). The magistrate to whom Weiland's section 2255 motion had been referred recommended that rather than hold a hearing, "a more efficient use of time and resources would be to order that the execution of defendant's three year special parole term be suspended." Although Weiland objected to this proposed remedy, the district court adopted the magistrate's findings and recommendation and denied the section 2255 motion with the exception that "the execution of that portion of defendant's sentence related to the special parole term is hereby suspended."
 
 II
 ANALYSIS
 
 9
 The district court erred by failing to inform Weiland that he would receive a special parole term. See Fed.R.Crim.P. 11(c) (before accepting a guilty plea, the district court must inform the defendant of "the maximum possible penalty provided by law, including the effect of any special parole ... term"); see also Rodriguera, 954 F.2d at 1468; United States v. Sharon, 812 F.2d 1233, 1234 (9th Cir.1987); United States v. Del Prete, 567 F.2d 928, 929 (9th Cir.1978) (per curiam).
 
 
 10
 Under Fed.R.Crim.P. 11(h), however, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Therefore, "if [Weiland] knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received, the error would be harmless." See Rodriguera, 954 F.2d at 1468 (citing United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988)).
 
 
 11
 The district court informed Weiland that the maximum possible sentence for his offenses was seventeen years. The sentence he received, however, was seventeen years plus three years of special parole. Weiland's liberty thus was restricted for a period longer than the maximum of which he was advised.[3] Accordingly, the district court's failure to inform Weiland of the special parole term affected his substantial rights and requires that he be provided with an opportunity to plead anew. See id. at 1469.[4]
 
 
 12
 The government contends that Weiland has received an adequate remedy because the district court suspended the execution of the special parole term, and therefore the court's failure to comply with Fed.R.Crim.P. 11(c) was harmless error. This contention lacks merit. The district court's failure to comply with Fed.R.Crim.P. 11(c) affected Weiland's substantial rights and therefore could not be remedied merely by suspending the execution of the illegal sentence. See Sharon, 812 F.2d at 1234 (rejecting government's suggestion to remand for resentencing rather than providing defendant with the opportunity to plead anew and concluding that "[t]he unlawful plea cannot stand"); Del Prete, 567 F.2d at 930 (remanding "for a further hearing at which the defendant must be permitted to enter a new plea").
 
 
 13
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to the plea agreement, the government moved to dismiss three other counts charged in the indictment
 
 
 [2]
 Weiland's section 2255 motion also presented two other grounds for relief. Because Weiland did not raise these issues on appeal, we will not consider them
 
 
 [3]
 Moreover, under 21 U.S.C. § 841(c), a special parole term could be revoked and "could result in the defendant's being returned to prison to serve the entire special parole term without credit for time already served on parole." Rodriguera, 954 F.2d at 1468 (citing United States v. Clay, 925 F.2d 299, 303 (9th Cir.1991))
 
 
 [4]
 Given on our resolution of this issue, we need not reach Weiland's ineffective assistance of counsel claim