38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Vincent MONTGOMERY, Defendant-Appellant.
 No. 94-15528.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Bernard V. Montgomery appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence imposed following his guilty plea conviction of possession of methamphetamine with intent to distribute. Montgomery contends that the district court violated Fed.R.Crim.P. 11(c) by failing to inform him of the potential effect of a special parole term that was included as part of his sentence.[1] We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993), and affirm.
 
 
 3
 Before accepting a guilty plea, the district court must inform the defendant of the maximum possible penalty provided by law, including the effect of any special parole term. Fed.R.Crim.P. 11(c); United States v. Sharon, 812 F.2d 1233, 1234 (9th Cir.1987). A petitioner seeking collateral relief from a Rule 11 violation must establish that the violation amounted to a jurisdictional or constitutional error, or that the violation resulted in a complete miscarriage of justice inconsistent with the demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). The analysis for a Rule 11 violation turns on whether the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received. United States v. Sanclemente-Bejarno, 861 F.2d 206, 210 (9th Cir.1988).
 
 
 4
 Before Montgomery entered his guilty plea, the district court informed him that he could receive a punishment of five years in prison, a $15,000 fine, and also be subject to a special parole that could last his entire lifetime. Thus, the court complied with Fed.R.Crim.P. 11(c). See Fed.R.Crim.P. 11(c); Sharon, 812 F.2d at 1234. When Montgomery responded affirmatively that he understood the maximum possible penalty, the court sentenced him to five years plus a lifetime special parole term. Thus, because Montgomery knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received, his Rule 11 claim fails. See Timmreck, 441 U.S. at 784-85; Sanclemente-Bejarno, 861 F.2d at 210; Grewal, 825 F.2d at 222.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Montgomery is challenging the manner of his sentence, and not its legality, his Fed.R.Crim.P. 35(a) motion filed approximately nine years after his sentence was imposed is untimely. See Fed.R.Crim.P. 35(a); United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990); United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987) (an illegal sentence may be corrected at any time, but a sentence imposed in an illegal manner must be corrected within 120 days after sentencing)
 We may, however, address the merits of Montgomery's pro se motion by construing it as an application for relief under 28 U.S.C. 2255. See United States v. Carbo, 474 F.2d 698, 699 (9th Cir.1973) (where pro se motion to reduce a sentence was not brought within 120 days, the district court should have construed it as an application for relief under Sec. 2255).
 
 
 [2]
 Montgomery also claims for the first time on appeal that he received ineffective assistance of counsel when he entered his guilty plea. Montgomery, however, is barred from asserting this issue for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (as a general rule, this court will not consider an issue raised for the first time on appeal, although we have the power to do so)