48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger A. CAMPOS, Defendant-Appellant.
 No. 93-10571.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided Feb. 23, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this pre-Guidelines appeal, Roger Campos appeals his conviction and three-year probationary sentence following a guilty plea to conversion of property pledged to the Small Business Administration in violation of 15 U.S.C. Sec. 645(c). Despite a negotiated plea agreement in which Campos waived the right to appeal both his conviction and sentence, he contends that the district court violated Fed.R.Crim.P. 11(c)(1) by failing to advise him of the possible maximum probationary term at his plea hearing. We vacate the sentence and remand for further proceedings.
 
 
 3
 We will not enforce the express waiver of the right to appeal in a negotiated plea agreement where a plea is not knowingly and voluntarily made. United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990). Rule 11 requires the district court to inform the defendant of, and determine that he understands "the maximum possible penalty provided by law, including the effect of any special parole or supervised release term" before accepting a guilty plea. Fed.R.Crim.P. 11(c)(1); accord United States v. Sharon, 812 F.2d 1233, 1234 (9th Cir.1987). Failure to comply with this procedure constitutes harmless error "[i]f ... [Campos] knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received." See Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992).
 
 
 4
 At the plea hearing, the district court informed Campos that his offense "carries a possible maximum penalty of one year's term of imprisonment and/or a fine of up to $1,000." In fact, however, Campos was also subject to a maximum five-year term of probation. The district court did not advise Campos of the possible maximum probationary term. The Government argues that the error was harmless because both the written plea agreement and presentence report (PSR) expressly warned Campos about the possible probationary term. We reject the argument on both grounds.
 
 
 5
 We recently held that, absent actual awareness by the defendant, it is insufficient that the written plea agreement recites the necessary information required by Rule 11. See United States v. Kennell, 15 F.3d 134, 137-38 (9th Cir.1994). Furthermore, we fail to understand how the PSR, which is prepared after a plea is entered, could contribute to Campos' knowledge of the possible penalty at the plea hearing.
 
 
 6
 Because Campos' liberty was restricted for over one year, we conclude that the district court's error was not harmless. See, e.g., United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.) (sentence including probation constituted breach of plea agreement where defendant was to receive maximum three-year sentence and agreement did not mention probation), cert. denied, 479 U.S. 819 (1986). Accordingly, we vacate Campos' sentence and remand the case for the district court, at its option, to either reduce Campos' probationary term to one year or allow him to replead. See Roberts, 5 F.3d at 370.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3