**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos A. SANCLEMENTE–BEJARANO,
Defendant–Appellant.**

**No. 87–5213.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1988.

Decided Nov. 3, 1988.

Saul M. Ferster, Los Angeles, Cal., for defendant-appellant.

Dean G. Dunlavey, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, CANBY and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Carlos Sanclemente–Bejarano appeals his conviction after a plea of guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

## FACTS

On June 9, 1987, appellant Sanclemente pled guilty to possessing approximately ten kilograms of cocaine with intent to distribute, an offense proscribed by 21 U.S.C. § 841(a)(1). At the plea hearing, the trial court engaged in a lengthy colloquy with Sanclemente. The district judge advised Sanclemente that the mandatory minimum penalty for his offense was ten years and that the maximum possible penalty was life imprisonment. The court also informed him of his constitutional rights in respect to trial.

Pursuant to 21 U.S.C. § 841(b)(1)(A), a person convicted of possessing five or more kilograms of cocaine is not eligible for parole at any time during his incarceration. In addition, any sentence imposed under

subsection (b)(1)(A) must include a "term of supervised release," formerly known as a "special parole term," of at least five years, to which the defendant will be subject following his incarceration. At his hearing, the district court did not warn Sanclemente that he would be ineligible for parole, nor did it explain to him the nature or effect of the term of supervised release. The only mention of supervised release came in a brief exchange between the court and Sanclemente's counsel:

> THE COURT: Is there a special parole term?
>
> MS. BREWER: Yes, there is, your Honor. According to the new [law], there should be five years supervised release. At least five years in addition to the term of imprisonment, if there is no prior conviction.

The court accepted Sanclemente's guilty plea and on July 13, 1987, sentenced him to 15 years in prison, a five-year term of supervised release, and a $50 special assessment. Sanclemente timely appeals.

## DISCUSSION

We have jurisdiction under 28 U.S.C. § 1291. Sanclemente's appeal raises questions of law, which we review *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### A. *Eligibility for Parole*

■ Sanclemente argues that the district court, by failing to warn him of his ineligibility for parole, violated its obligation under Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 governs the taking of guilty pleas in federal courts; subsection (c) sets forth the specific facts of which the court must apprise the defendant before accepting his plea. Among other things, the court is required to inform the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." Fed.R.Crim.P. 11(c)(1).

The statute under which Sanclemente was sentenced provides that "[n]o person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." 21 U.S.C. § 841(b)(1)(A). Sanclemente maintains that, since parole bears directly on the length of incarceration, he should have been informed of its unavailability in his case. He relies almost exclusively for this argument on *Munich v. United States*, 337 F.2d 356, 361 (9th Cir.1964), *overruled on other grounds*, *Heiden v. United States*, 353 F.2d 53, 55 (9th Cir.1965), in which this court held that a defendant who pleads guilty without knowing that he will not be eligible for parole "does not plead with understanding of the consequences of such a plea."

In *Munich*, however, we were construing the 1961 version of Rule 11. The rule was entirely rewritten in 1974, in part to reject the holding of *Munich* and cases holding similarly. In its notes accompanying the 1974 amendments, the Advisory Committee stated:

> It has been suggested that it is desirable to inform a defendant of additional consequences which might follow from his plea of guilty. *Durant v. United States* [410 F.2d 689 (1st Cir.1969)] held that a defendant must be informed of his ineligibility for parole. *Trujillo v. United States* [377 F.2d 266 (5th Cir.1967)] held that advice about eligibility for parole is not required....
>
> Under the rule the judge is *not required* to inform a defendant about these matters, though a judge is free to do so if he feels a consequence of a plea of guilty in a particular case is likely to be of real significance to the defendant.

18 U.S.C.A. Rule 11 at 348 (citations omitted) (emphasis added).

This court has not yet had occasion to apply the amended version of Rule 11 to a plea involving parole ineligibility. We have noted in passing the effect of the amendments. In a case involving the propriety of a *state* plea proceeding, we recognized that the 1974 amendments had effectively overruled *Munich*. "One reason for the change was to eliminate the requirement that an accused be advised of parole eligi-

bility." *Wayne v. Raines*, 690 F.2d 685, 688 n. 3 (9th Cir.1982), *cert. denied*, 464 U.S. 914, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983); *see Bunker v. Wise*, 550 F.2d 1155, 1158 (9th Cir.1977) (defendant "need not be advised of all conceivable consequences such as when he may be considered for parole").

The Supreme Court has strongly suggested that Rule 11, as amended, does not require a court to warn a defendant of parole consequences.

> We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts. See Fed.Rule Crim.Proc. 11(c); Advisory Committee's Notes on 1974 Amendment....

*Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). In addition, every other circuit that has addressed the question has interpreted new Rule 11 consistently with the Advisory Committee Notes. *Johnson v. United States*, 650 F.2d 1, 4 (1st Cir.1981); *United States v. Garcia*, 636 F.2d 122, 123 (5th Cir.1981) (per curiam); *Hunter v. Fogg*, 616 F.2d 55, 61 (2d Cir.1980).

The observations of the Supreme Court and the Advisory Committee, and the holdings of other circuit courts leave little doubt as to the effect of the 1974 amendment. Accordingly, we hold that Rule 11 does not require the trial court to notify a defendant of parole eligibility before accepting his guilty plea.

### B.  *Term of Supervised Release*

Sanclemente also contends that the district court erred by failing to explain the nature and effect of the term of supervised release. Rule 11(c)(1) requires the trial court to advise the defendant of "the effect of any special parole term." Fed.R.Crim.P. 11(c)(1). 21 U.S.C. § 841(b)(1)(A), which used to require a "special parole term,"

now requires that any sentence imposed under its authority also "impose a term of supervised release of at least 5 years in addition to such term of imprisonment...." A term of supervised release under section 841(b) is different from traditional parole. It is cumulative to any prison term imposed and thus expands the maximum possible sentence. Moreover, "[i]f [supervised release] is revoked and the defendant is returned to prison, he must serve any of his remaining sentence plus the entire term of his [supervised release] without credit for any time served on [release] prior to revocation." *United States v. Sharon*, 812 F.2d 1233, 1234 (9th Cir. 1987). Pursuant to 18 U.S.C. § 3583(e)(2), a supervised release term may also be extended, potentially to a life term, at any time before it expires.

Because supervised release may increase the length of the ultimate sentence, this court has long held that it must be explained to a defendant before his guilty plea is accepted. *Sharon*, 812 F.2d at 1234; *United States v. Del Prete*, 567 F.2d 928, 929 (9th Cir.1978) (per curiam); *Bunker*, 550 F.2d at 1156–57. Rule 11(c)(1) was amended in 1982 expressly to require such an explanation.

■ The Government argues that since Sanclemente was not sentenced to a special parole term, the provision of subsection (c) does not apply to him. This argument is baseless. Until 1986, section 841(b) required that persons sentenced be subject to a "special parole term." As the Government discusses in its brief, section 841(b) was amended on October 27, 1986 by the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207. The words "term of supervised release" were substituted for "special parole term" everywhere in the statute, including the provision under which Sanclemente pleaded guilty. Nothing in the statute, the legislative history, or the arguments of counsel suggests that a term of supervised release differs in its impact from a special parole term. Indeed, the district court and Sanclemente's counsel used the terms interchangeably.

The Government further contends that even if Rule 11 requires an explanation of a term of supervised release, the court complied with the rule in this case. This claim, too, must fail. Rule 11 requires that the court *"address* the defendant ... and *inform* the defendant of, and determine that the defendant *understands* ... the *effect* of any special parole term." Fed.R.Crim.P. 11(c) (emphasis added). Here, the only reference to the term of supervised release was in the court's question to counsel as to whether there was a special parole term, and her affirmative response. The court did not inform Sanclemente of the provision, nor did it ask him if he understood the meaning of supervised release or its effect. The court therefore violated the requirement of Rule 11.

Notwithstanding the violation, however, we must affirm if we conclude that the error was harmless. Rule 11(h) expressly states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

Once again, the notes of the Advisory Committee are instructive. The Committee offered as illustrative of a harmless violation the following example: "where the judge's compliance with [subsection (c)(1)] was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings." 18 U.S.C.A. Rule 11 at 363 (Notes of Advisory Committee to 1983 Amendment). In short, the Notes state, an error is harmless "where it appear[s] the nature and extent of the deviation from Rule 11 [is] such that it could not have had any impact on the defendant's decision to plead or the fairness in now holding him to his plea." *Id.* at 361.

Our analysis of harmless error under Rule 11 has generally turned on whether the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received. In *United States v. Rivera–Ramirez,* 715 F.2d 453 (9th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984), the trial court failed to warn the defendant of the minimum possible special parole term, but did advise him that the potential maximum special term was life. He was subsequently sentenced to a life term of special parole to follow his term of incarceration. Under these circumstances, this court concluded that "no possible prejudice could have resulted from this technical error." *Id.* at 458.

In this case, Sanclemente was advised by the court, and said he understood, that the maximum possible sentence for his offense was life imprisonment. The sentence he received was 15 years in prison and a five-year term of supervised release. Under *Rivera–Ramirez,* no prejudice resulted to him from the omission, and the court's error was therefore harmless.

### C. *Excessive Sentence*

Sanclemente further claims his sentence was excessive, which he seeks to demonstrate by comparing it to: (1) what he would receive today if he were being sentenced under the new guidelines; and (2) sentences for other federal crimes, notably unarmed bank robbery.

These comparisons are irrelevant. The Sentencing Reform Act of 1984 "does not apply to conduct committed prior to November 1, 1987." *United States v. Rewald,* 835 F.2d 215, 216 (9th Cir.1987). Sentences imposed before the Act took effect, so long as they were authorized by statute, are not reversible for length alone absent a violation of the eighth amendment. Since Sanclemente has not made a constitutional attack on his sentence, this claim is meritless.

### D. *Ineffective Assistance*

Lurking in Sanclemente's argument is an allegation of ineffective assistance of counsel. On May 2, 1988, Sanclemente stated in a declaration:

At the time my plea was entered, I was never advised by either my appointed attorney or by the court that the charge I was pleading guilty to carried a sentence during service of which I would not be eligible for parole.... In fact, my

attorney told me that I would be out in 60 months if I pled guilty and came to prison and did not get in trouble.... Had I been aware of the ineligibility for parole and of the nature of the five year supervised release at the time I pled guilty ... I would not have done so.

*See* Reply Brief at 7.

The Supreme Court has left open the possibility that the erroneous advice of counsel as to parole eligibility could amount to ineffective assistance in a guilty plea. *Hill*, 474 U.S. at 56–57, 106 S.Ct. at 369–370. To make out such a claim, however, the defendant must show prejudice: he must demonstrate that, correctly informed, he would have pleaded not guilty. *Id.* at 59, 106 S.Ct. at 370. A prejudicial effect on the defendant's plea decision provided grounds for reversal in *Carter v. McCarthy*, 806 F.2d 1373, 1376 (9th Cir. 1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). Because it appeared from the record that knowledge of the special parole term would have altered Carter's plea, we held that the failure to inform him of it was not harmless. *Carter*, 806 F.2d at 1377.

But claims of ineffective assistance raise factual questions best resolved in a habeas corpus proceeding, not on direct appeal. *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988). In *Carter*, for instance, which involved a habeas corpus petition, we had the benefit on appeal of a fact-finding hearing in the district court. Collateral attack is preferable because it permits the defendant to make a record as to what counsel said, whether the defendant in fact was unaware of his ineligibility for parole and the effects of supervised release, and what, if any, prejudice resulted. *See Pope*, 841 F.2d at 958.

If Sanclemente wishes to assert an ineffective assistance claim, he should do so by means of a § 2255 petition.

AFFIRMED.