981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie TEAGUE, Defendant-Appellant.
 No. 89-16097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Teague, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for distribution of PCP in violation of 21 U.S.C. § 841(a)(1). Teague contends that his guilty plea was invalid because the district court neglected to inform him that he was subject to a term of supervised release. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Rodriguera v. United States, 954 F.2d 1465, 1467 (9th Cir.1992), and we vacate and remand to allow Teague an opportunity to replead.
 
 
 3
 Before a trial court accepts a guilty plea, it must inform the defendant of the maximum possible penalty provided by the law, including the effect of any special parole term or supervised release term. Id. at 1468; Fed.R.Crim.P. 11(c)(1). However, any variance from these procedures which does not affect the substantial rights of the defendant shall be disregarded. Rodriguera, 954 F.2d at 1468; Fed.R.Crim.P. 11(h).
 
 
 4
 Therefore, the only issue before this court is whether the failure to inform Teague of the mandatory supervised release term affected his substantial rights. See id. If a defendant knows before pleading guilty that he could be sentenced to a term as long as the one he eventually received, the error is harmless. See id. However, the error is not harmless if the defendant's liberty may be restricted for more than the maximum period of which he was advised. See id.
 
 
 5
 Here, Teague was advised that the maximum term he could receive was 40 years (480 months). He was sentenced to a term of 262 months followed by a five-year term of supervised release. Teague's term on its face does not involve custody for more than 40 years. "However, '[p]ursuant to 18 U.S.C. 3583(e)(2), a supervised release term may ... be extended, potentially to a life term, at any time before it expires.' " Rodriguera, 954 F.2d at 1469 (quoting United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir.1988)). Therefore, Teague's liberty potentially could be restricted for more than forty years, and thus, for a period longer than the maximum of which he was advised. See id. Consequently, the district court's failure to inform Teague of the supervised release term affected Teague's substantial rights and requires that he be provided an opportunity to plead anew. See id.
 
 
 6
 Teague also contends that his counsel was ineffective because he incorrectly predicted the length of the sentence. Because we vacate Teague's conviction on other grounds, we do not reach this issue.[1]
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Teague also contends that he should not have been sentenced under the United States Sentencing Guidelines ("Guidelines") because he was sentenced during the window period between the decision in Gubienso-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988) (declaring Guidelines unconstitutional) and Mistretta v. United States, 488 U.S. 361 (1989) (holding Guidelines constitutional). This court has previously rejected this argument. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1053 (9th Cir.1990) (the Guidelines remained a legally enacted statutory sentencing scheme throughout the window period)