993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael BRET, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15801.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Bret, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Bret contends that his guilty plea was involuntary because neither the district court nor his attorney advised him of a mandatory term of supervised release following his imprisonment. We have jurisdiction under 28 U.S.C. § 2255 and we affirm.
 
 
 3
 We review a district court's denial of a section 2255 motion de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We review for clear error any factual findings made by the district court in deciding the motion. Id.
 
 
 4
 * A district court must inform a defendant of a mandatory term of supervised release prior to accepting his guilty plea. Fed.R.Crim.P. 11(c)(1). Its failure to do so, however, is harmless error where the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he actually received. Rodriguera v. United States, 954 F.2d 1465, 1468-69 (9th Cir.1992); United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988).
 
 
 5
 Where a section 2255 movant has procedurally defaulted by failing to raise an issue on direct appeal, he must demonstrate (1) "cause" excusing the default and (2) "actual prejudice" resulting from the errors of which he complains. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Ineffective assistance of appellate counsel, if proved, constitutes cause for procedural default. Murray v. Carrier, 477 U.S. 478, 488-92 (1985) (examining ineffective assistance of counsel resulting in procedural default in state court). Appellate counsel's failure to raise an issue on appeal does not constitute ineffective assistance of counsel if counsel had no reasonable likelihood of success in arguing the issue. Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir.1992), petition for cert. filed, --- U.S.L.W. ---- (U.S. Feb. 16, 1993) (No. 92-8009).
 
 
 6
 Bret contends that his guilty plea was involuntary because the district court accepted the plea without advising him of a mandatory five-year term of supervised release. Bret states that he did not raise this Rule 11 violation on direct appeal due to the ineffective assistance of his appellate counsel, who did not alert him to the issue. Nonetheless, although the district court did fail to inform Bret at his Rule 11 hearing that he was subject to the term of supervised release, it admonished him that it had discretion to sentence him to a maximum sentence of life in prison. Bret's actual sentence of 120 months of imprisonment plus the term of supervised release does not exceed the maximum possible sentence of which he was informed, and therefore the court's error was harmless. See Rodriguera, 954 F.2d at 1468-69; Sanclemente-Bejarano, 861 F.2d at 210. As a result, the Rule 11 issue had no reasonable likelihood of success on appeal, and Bret's counsel did not render ineffective assistance by failing to raise it. See Morrison, 981 F.2d at 427-28. Accordingly, Bret has not shown that ineffective assistance of appellate counsel caused his procedural default and may not now challenge his guilty plea on Rule 11 grounds by means of a section 2255 motion. See Murray, 477 U.S. at 488-92; Dunham, 767 F.2d at 1397.
 
 II
 
 7
 Bret also challenges his guilty plea by asserting, as an independent ground for section 2255 relief, ineffective assistance of counsel at the time of the plea. To successfully challenge a guilty plea on grounds of ineffective assistance of counsel, a defendant must show that (1) counsel's representation was deficient and (2) there is a reasonable probability that the deficient performance prejudiced the defense. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Doganiere, 914 F.2d at 168. To establish prejudice, a defendant must allege that but for his attorney's erroneous advice he would not have pleaded guilty. Hill, 474 U.S. at 59-60 (declining to decide ineffective assistance claim where defendant failed to allege prejudice resulting from counsel's failure to advise him of parole eligibility); Doganiere, 914 F.2d at 168 (same).
 
 
 8
 Bret contends that he received ineffective assistance of counsel because his attorney did not inform him of the mandatory five-year term of supervised release at the time of the guilty plea. Bret failed to allege, however, that he would not have pleaded guilty but for his counsel's ommission.[1] In the absence of an allegation of prejudice, the district court did not err by denying Bret's 2255 motion without an evidentiary hearing. See Hill, 474 U.S. at 59-60; Doganiere, 914 F.2d at 168.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bret's 2255 motion challenged the voluntariness of his guilty plea solely on Rule 11 grounds. Nonetheless, in his petition for reconsideration of the denial of that motion, he noted the duty of counsel to apprise him of the consequences of his guilty plea and indicated that he was unaware of these consequences at the time of his plea. We construe these statements as having raised the issue of ineffective assistance of counsel to the district court. See United States v. Johnson, No. 91-30242, slip op. 1919, 1923 (9th Cir. Mar. 4, 1993) (pro se pleadings are to be liberally construed); United States v. Rubalcaba, 811 F.2d 491, 495 (9th Cir.) (defendant's claim that he did not understand the plea agreement amounts to one of ineffective assistance of counsel), cert. denied, 484 U.S. 832 (1987)
 Not even a liberal construction, however, reveals an allegation of prejudice in Bret's pleadings below. We decline to consider Bret's claim, raised for the first time in this appeal, that he would not have pleaded guilty had he known of the mandatory term of supervised release. See Eckert v. Tansy, 936 F.2d 444, 450 n. 5 (9th Cir.1991) (declining to consider issues not raised in habeas petition to district court); Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (same).