999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose LONDONO, Defendant-Appellant.
 No. 90-50637.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Londono appeals from his conviction and 151-month sentence after guilty pleas to conspiracy to distribute cocaine and aiding and abetting the possession of cocaine for distribution in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. Londono contends he should be allowed to withdraw his guilty plea because the district court breached the plea agreement by imposing a term of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We vacate Londono's sentence and remand to allow him to plead anew.[1]
 
 
 3
 Although Londono did not seek to withdraw his plea before the district court, we may nonetheless review de novo because the record is fully developed, there are no factual disputes, and the challenge is purely a question of law. See United States v. Anderson, No. 91-50395, slip op. 5225, 5231 (9th Cir. May 20, 1993).
 
 
 4
 "Plea agreements are subject to contract-law standards of interpretation." United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.), cert. denied, 479 U.S. 819 (1986). "To determine whether a sentence complies with the terms of a plea agreement, we look to what was reasonably understood by the defendant when he entered his plea." United States v. Fernandez, 960 F.2d 771, 772 (9th Cir.1991) (per curiam).
 
 
 5
 "In order to be valid, a guilty plea must be voluntary and intelligent, and cannot be the result of ... misrepresentations ... or improper promises." Anderson, slip op. at 5230-31. A district court must inform the defendant of any special parole or supervised release term prior to accepting his guilty plea. Fed.R.Crim.P. 11(c)(1); United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir.1988) (per curiam). Failure to comply with this procedure constitutes harmless error only "[i]f ... [Londono] knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received." See Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992).
 
 
 6
 Here, pursuant to a written plea agreement, Londono agreed to plead guilty to the instant offenses. In exchange, the government agreed, among other things, to dismiss the remaining counts and recommend a total offense level of 32. The written plea agreement was silent regarding a supervised release term, criminal history category or the applicable Guidelines range. At the plea hearing, the court accepted the plea agreement and advised Londono that an offense level of 32 corresponded to a Guidelines range of 121 to 151 months' imprisonment. See U.S.S.G. § 5A (criminal history category I). Pursuant to an oral agreement between the government and Londono's attorney, the district court further advised Londono that there would be no fine or special parole. In fact, however, Londono faced a mandatory minimum supervised release term of five years in addition to the penalties of which he was advised. See 21 U.S.C. § 841(b)(1)(A). No reference was made to a term of supervised release.
 
 
 7
 The presentence report (PSR) followed the plea agreement with the exception of recommending imposition of the statutorily required five-year term of supervised release. Neither the government nor Londono objected to the inclusion of a supervised release term in the PSR. At sentencing, the district court imposed a 151-month sentence and inquired whether there should be a term of supervised "parole." Londono did not respond. The government stated "Yes, your Honor." The district court then imposed a five-year supervised release term on both counts to run concurrently. The government concedes error and we agree.
 
 
 8
 The district court advised Londono that the maximum possible sentence within the Guidelines range was 151 months, although a term of supervised release "may ... be extended, potentially to a life term, at any time before it expires." See Sanclemente-Bejarano, 861 F.2d at 209 (citing 18 U.S.C. § 3583(e)(2)). Despite Londono's failure to object to the inclusion of the supervised release term in the PSR, our concerns regarding the misrepresentations by the court that there would be no special parole are not allayed. Londono's actual sentence of 151 months plus a term of supervised release exceeded the maximum sentence of which he was informed, and therefore the district court's error was not harmless. See Rodriguera, 954 F.2d at 1469; see also Kamer, 781 F.2d at 1389 (sentence including probation constituted breach of plea agreement where defendant was to receive maximum three-year sentence and agreement did not mention probation). Accordingly, we conclude that Londono must be allowed to withdraw his plea, if he chooses.[2] See Rodriguera, 954 F.2d at 1469.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 4, 1993, Carl Croom, Londono's co-defendant filed a "Emergency Motion Under Circuit Rule 27-3. Motion for Joinder. Petition to Join a Single Appeal Brief of a Co-Appellant." We do not consider Croom's pro se motion because he never filed a notice of appeal, and therefore has no action pending before this court
 
 
 [2]
 Based upon our conclusion that Londono must be permitted to replead, we need not address his contention that the district court erred by failing to state its reasons for choosing the sentence within the applicable Guidelines range