999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvarado GALLEGO, aka, Gonzale Jairo, Garcia Ivan Cardona,
Electrico, Jimmy Nono, and Cardona J. Ivan,
Defendant-Appellant.
 No. 92-15517.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1993.*
Decided July 27, 1993.
 
 Before BROWNING, CHOY and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvarado Gallego appeals pro se the district court's denial of his motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.
 
 
 3
 We review the denial of a 28 U.S.C. § 2255 petition de novo. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988). To obtain habeas relief based on an error of law, a petitioner must show "the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). An evidentiary hearing in § 2255 actions is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1988).
 
 I. Post-Sentence Report
 
 4
 Gallego argues that his right to due process was violated because he was not given a chance to challenge information in a post-sentence report. We find this argument without merit. Under Fed.R.Crim.P. 32(c), a presentence report must be disclosed to the defendant, and the defendant must have an opportunity to challenge inaccuracies in the report. However, Rule 32 does not apply to post -sentence reports, and district courts do not have the jurisdiction to review such reports after sentencing. United States v. Freeny, 841 F.2d 1000, 1002-03 (9th Cir.1988). The petitioner's remedy is to challenge the accuracy of the post-sentence report with the Bureau of Prisons pursuant to 28 C.F.R. § 2.26(e)(4). Id. at 1003.
 
 II. Involuntariness of Guilty Plea
 
 5
 Gallego contends that his plea was involuntary because he was coerced into pleading guilty by his attorney's promise that he would receive a sentence of only ten years in prison. We reject this contention because Gallego repeatedly indicated at the plea hearing that he understood that the plea agreement involved a fifteen-year sentence. The petitioner's statements made in open court are entitled to great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 III. Fed.R.Crim.P. 11
 
 6
 Gallego makes several arguments based on the district court's failure to comply with Fed.R.Crim.P. 11. Rule 11(c)(1) requires the court to determine that the defendant understands "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term." Gallego first contends that the district court violated this rule by failing to inform him that the sentence was non-parolable. This argument fails since it is well established that Rule 11 does not require the court to inform the defendant about parole eligibility. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991); United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir.1988).
 
 
 7
 Gallego also argues that the district court violated Fed.R.Crim.P. 11(c) by failing to inform him of the maximum and minimum penalties provided by law. The judge stated that he would not instruct Gallego about the maximum penalties because he intended to sentence Gallego to no more than what Gallego and the government had agreed upon. The district court's omission was harmless error, since Gallego "knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received." Sanclemente-Bejarano, 861 F.2d at 210.
 
 
 8
 Gallego also argues that Rule 11 required the district court to inform him of his right to appeal. There is no such requirement in Rule 11. Fed.R.Crim.P. 32(a)(2) now requires that the court advise the defendant of the right to appeal his sentence following a guilty plea. However, the version of Rule 32 applicable to offenses committed prior to November 1, 1987 stated that the court has "no duty ... to advise the defendant of any right of appeal" following a guilty plea.
 
 
 9
 Finally, Gallego argues that the district court violated Rule 11(f). This rule requires that the court satisfy itself that there is a factual basis for all elements of the offense charged before accepting a guilty plea. Fed.R.Crim.P. 11(f); United States v. Bos, 917 F.2d 1178, 1181 (9th Cir.1990). Furthermore, if a defendant asserts his innocence, it is error for a court to accept a guilty plea unless the plea is supported by a "strong factual basis." See North Carolina v. Alford, 400 U.S. 25, 38 (1970); United States v. Neel, 547 F.2d 95, 96 (9th Cir.1976).
 
 
 10
 It appears that the district court may have erred in failing to establish a factual basis for all elements of the offense charged. One of the elements of 21 U.S.C. § 848, to which Gallego pled guilty, is that the defendant occupied a supervisory or managerial position. At the plea hearing Gallego denied that he had played a supervisory role, and the U.S. Attorney stated only that Gallego had worked with others in committing the offense. It is thus unclear whether the guilty plea was supported by a "strong factual basis." The district court denied Gallego's habeas petition without addressing this issue and we are reluctant to reach it on a pro se appeal. Therefore we remand for consideration of whether it was error to accept Gallego's plea of guilty to 21 U.S.C. § 848.[1]
 
 IV. Ineffective Assistance of Counsel
 
 11
 To demonstrate ineffectiveness of counsel, a defendant must prove "that counsel's performance was out of the wide range of reasonable professional assistance" and that the defendant was thereby prejudiced. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989) (citing Strickland v. Washington, 466 U.S. 668 (1984)).
 
 
 12
 Gallego argues that his attorney's assistance was ineffective because the attorney failed to inform him of his right to appeal, and failed to file an appeal on his behalf.[2] An attorney's failure to inform his client of the right to appeal following a guilty plea constitutes ineffective assistance "when the defendant inquires about appeal rights or when there are circumstances present that indicate that defendant may benefit from receiving such advice." Marrow v. United States, 772 F.2d 525, 528 (9th Cir.1985). The district court did not determine whether Gallego inquired about his appeal rights or whether his attorney had a duty in the circumstances to inform him of his appeal rights. Since apparently there was an arguable issue on appeal regarding the court's failure to establish a factual basis for the guilty plea, we believe the attorney may have had a duty to inform Gallego of his right to appeal. The district court also did not determine whether Gallego was prejudiced by any possible ineffective assistance of counsel. Prejudice is presumed "if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). Since the district court made no findings on this issue, we remand it for further proceedings.[3]
 
 
 13
 Gallego also contends that he received ineffective assistance of counsel because his attorney did not inform him that his sentence would be non-parolable, and instead informed him that he would be eligible for parole within five years. The district court did not specifically address this issue, and the record is insufficient to resolve this claim on appeal. Therefore we remand on this issue as well.
 
 
 14
 We affirm the district court's ruling on Gallego's remaining ineffective assistance claims. Gallego argues that his counsel was ineffective because the attorney promised him that he would get ten years instead of the fifteen-year sentence he received. As discussed above, we reject this contention because it is clear from the record that Gallego knew that the sentence would be fifteen years.
 
 
 15
 Gallego further contends that his attorney's representation was ineffective because the attorney failed to inform him of the importance of the presentence report, and instructed him to waive his right to the report. Gallego's attorney stated at the plea hearing that he advised his client to waive the presentence report so that he could get into the federal prison system immediately. In light of the judge's stated intention to sentence Gallego according to the plea agreement, the attorney's advice was not unreasonable and did not constitute ineffective assistance.
 
 
 16
 Finally, Gallego argues that his attorney should have realized that his medication was affecting his judgment, or should have at least investigated the effect of the medication. We reject this argument because Gallego indicated at the plea hearing that he did not think his medication would get in the way of his understanding of the proceedings. See Chizen 809 F.2d at 562.
 
 
 17
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Gallego also argues that Rule 11 required the district court to inform him that his guilty plea could not be withdrawn after sentencing. We do not reach this issue because Gallego did not raise it before the district court. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). The argument in any case lacks merit because any possible error was harmless. See Sanclemente-Bejarano, 861 F.2d at 210
 
 
 [2]
 Contrary to the government's assertion, Gallego did raise this issue before the district court. (Supp. ER at 73.)
 
 
 [3]
 If the district court finds that Gallego was denied the right to a direct appeal because of ineffective assistance of counsel, the court should vacate and reenter the judgment of conviction so that Gallego may file a timely notice of appeal. United States v. Pearce, 992 F.2d 1021, 1023 (9th Cir.1993); cf. Lozada, 964 F.2d at 959