24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ezequiel TORRES, Defendant-Appellant.
 No. 93-50661.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ezequiel Torres appeals his conviction and 87-month sentence imposed following entry of a guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), Torres' counsel filed both a brief stating that he finds no arguable issues for review and a motion to withdraw as counsel of record. Torres filed a pro se brief raising four issues for review: (1) whether his plea was involuntary because the district court failed to comply with Fed.R.Crim.P. 11; (2) whether the district court denied him his allocution right; (3) whether the government breached the plea agreement; and (4) whether he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's judgment and grant counsel's motion to withdraw.
 
 
 3
 * Voluntariness
 
 
 4
 Torres contends that his guilty plea was involuntary because the district court failed to establish that he understood the terms of the plea agreement and to advise him of the effect of the term of supervised release on the statutory maximum penalty. We disagree.
 
 
 5
 We review de novo the voluntariness of a guilty plea. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 6
 Rule 11(e)(2) mandates disclosure of the plea agreement on the record at the time that the plea is offered. Rule 11(c) requires that the district court advise the defendant of the maximum possible penalty before accepting his guilty plea. "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).
 
 
 7
 Here, the district court ascertained that Torres fully discussed the written plea agreement with his attorneys and that Torres read the plea agreement before he signed it. Because the written plea agreement was made part of the record, it was fully disclosed.
 
 
 8
 The district court advised Torres that the statutory maximum penalty for his crime was twenty years but failed to advise him of the effect of supervised release. The district court sentenced Torres to 87 months in prison and three years of supervised release. Nevertheless, because the term of supervised release was within the statutory maximum, the failure to inform Torres of the supervised release term did not affect his substantial rights. See United States v. Sanclemente-Bejarano, 861 F.2d 206, 209-10 (9th Cir.1988).
 
 II
 Allocution
 
 9
 Torres also contends that the district court denied him his allocution right prior to imposing sentence. We disagree.
 
 
 10
 Before imposing sentence, the district court must address the defendant personally and offer him an opportunity to make a statement to the court. Fed.R.Crim.P. 32(a)(1)(C). Here, after hearing counsel's argument regarding a downward departure for mitigating circumstances, the district court asked Torres whether he had anything further to say. Torres replied, "I'm sorry for what I did." Because Torres received an opportunity to address the court, we hold that the district court complied with Rule 32.
 
 III
 Breach of Plea Agreement
 
 11
 Torres contends that the government breached the plea agreement by orally opposing his request for a downward departure. We decline to address this contention because Torres did not raise it before the district court. See United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991) (declining to address argument raised for first time on appeal).
 
 IV
 Ineffective Assistance of Counsel
 
 12
 Torres further contends that he received ineffective assistance of counsel at sentencing. Generally, we decline to review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. See United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992). Such is the case here.
 
 
 13
 Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3