53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Simon Castorena SOTELO, Defendant-Appellant.
 No. 94-16595.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 MEMORANDUM**
 Simon Castorena Sotelo appeals pro se the district court's dismissal of his petition for relief under 28 U.S.C. Sec. 2255. Sotelo claims: his plea of guilty to narcotics charges was not voluntary; the government untimely filed an information to raise his mandatory minimum sentences; he did not receive his presentence report 10 days before sentencing as required by Fed.R.Crim.P. 32; he was not advised of his right to appeal; and his attorney provided ineffective assistance. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 We review de novo a district court's denial of a petition for relief under 28 U.S.C. Sec. 2255. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We also consider de novo whether a district court's colloquy with a defendant satisfies the requirements of Fed.R.Crim.P. 11. United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992). A district court need not set aside a guilty plea after sentencing unless the defendant shows that manifest injustice would result. United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 1
 Our close review of the transcript shows that, after Sotelo complained that he was changing his plea "under very strenuous conditions," the district court questioned him exhaustively to ensure that his plea was voluntary. Sotelo appears to regret pleading guilty, but he has not shown manifest injustice. See id.
 
 
 2
 Sotelo complains that the district court overstated the mandatory minimum penalty to which his crimes exposed him because at the time he changed his plea, the government had not yet filed an information setting forth his prior convictions on the basis of which his sentence was to be increased. A Rule 11 violation is harmless, however, if the defendant knew before pleading guilty that he could receive a sentence as long as the one he eventually received. United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988). Because the district court advised Sotelo that he could be sentenced to life in prison before he pleaded guilty and because he was subsequently sentenced to thirty years, we conclude that any error was harmless. See id.
 
 
 3
 Citing Rule 32, Sotelo complains that he had less than 10 days to review his presentence report, and that the district court did not advise him of his right to appeal. The version of Rule 32 in effect at the time Sotelo pleaded, however, required neither protocol. We decline to address Sotelo's claim of ineffective assistance, raised for the first time in this appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3