129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank PATE, Jr., Defendant-Appellant.
 No. 95-55973.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-95-03629-R, CR-91-01062-R(CT)-2; Manuel L. Real, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Frank Pate, Jr. timely appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and sentence for violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We remand for the purpose of correcting the period of supervised release to three years on the § 924(c) violation. We otherwise affirm.
 
 
 3
 * Pate claims numerous violations of Rule 11 of the Federal Rules of Criminal Procedure that rendered his guilty plea unknowing and involuntary. To successfully challenge his guilty plea in a § 2255 motion, Pate must establish that any technical violation of Rule 11 "amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987); see also United States v. Timmreck, 441 U.S. 780, 784 (1979). Pate must also establish that "he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." Id.
 
 
 4
 Pate first contends that the court failed to properly advise him of the mandatory minimum and maximum sentence he faced. The court advised Pate of the minimum and maximum sentence at two separate times during his guilty plea colloquy, and Pate indicated his understanding each time. [ER 27-28, 31-32]. Although the district court did overstate the mandatory minimum penalty that Pate faced,[1] the district court properly advised Pate that he could be sentenced to life in prison and subsequently sentenced him to less than the mandatory minimum of which Pate had been advised. Thus, any technical violation of Rule 11 was harmless. See United States v. Sanclemente-Bajarano, 861 F.2d 206, 210 (9th Cir.1988).
 
 
 5
 Pate next contends that the court failed to advise him of the effects and duration of supervised release, in violation of Rule 11(c). While Pate was advised that he could be sentenced to a term of supervised release between three and five years for each charge, he was not advised of the effects of such a sentence, contrary to the technical requirements of Rule 11(c)(1). Even in the worst case scenario, however, Pate would serve his full nineteen-year term of imprisonment, be on supervised release for one day less than five years before having his supervised release on each charge revoked, and be reincarcerated for an additional ten years, pursuant to 18 U.S.C. § 3583(e)(3). Because Pate's liberty could be restricted for no more than thirty-four years in total, less than the life imprisonment to which Pate knew he could be sentenced when he pleaded guilty, this Rule 11 error is also harmless. See United States v. Alber, 56 F.3d 1106, 1109-10 (9th Cir.1995); Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992).
 
 
 6
 Pate's claim that the district court violated Rule 11 by not advising him of the mandatory imposition of a special assessment fails for the same reason. Although the district court did not advise Pate of the mandatory $150 special assessment that would be imposed under 18 U.S.C. § 3013, Pate was informed during the plea colloquy that he faced fines as high as $8.25 million dollars. Omitting mention of the $150 special assessment was not the type of constitutional or jurisdictional error that can serve as the basis for a successful challenge to Pate's guilty plea in his § 2255 motion. See Sanclemente-Bajarano, 861 F.2d at 210; United States v. Jaramillo-Suarez, 857 F.2d 1368, 1370 (9th Cir.1988).
 
 
 7
 Finally, Pate contends that the court violated Rule 11 by failing to advise him that his sentence would be based, in part, on the quantity of narcotics that he possessed with intent to distribute. The court "was not required to calculate and explain the Guidelines sentence to [Pate] before accepting the plea, for, once appellant was informed of the possible consequences enumerated in the Rule--the maximum and the minimum sentences--the requisites of Rule 11 were met." United States v. Fernandez, 877 F.2d 1138, 1143 (2d Cir.1989); see also United States v. Ramos, 923 F.2d 1346, 1357 (9th Cir.1991). Moreover, even if Rule 11 had required the court to advise Pate about how his sentence would be calculated, the district court's failure to so advise Pate would he harmless because Pate understood he faced a possible life sentence. See Sanclemente--Bejarano, 861 F.2d at 210.
 
 II
 
 8
 Pate's second principal argument is that the district court erred in imposing concurrent five-year terms of supervised release on all three counts of conviction. While counts one and three, charging violations of 21 U.S.C. § 841(a)(1), carried maximum five-year terms of supervised release, count two, charging a violation of 18 U.S.C. § 924(c), carried a maximum three-year term of supervised release. 18 U.S.C. §§ 3559 and 3583.
 
 
 9
 The government concedes that the court erred by exceeding the maximum term of supervised release on the § 924(c) violation by two years. See United States v. Guzman-Bruno, 27 F.3d 420, 423 (9th Cir.1994) (plain error to sentence a defendant to a term of supervised release which exceeds the statutory maximum). The government argues, however, that because the court properly imposed five-year terms of supervised release on the § 841(a)(1) violations, and all three terms of supervised release run concurrently, the error is harmless and should simply be disregarded. Although it is difficult to identify any specific prejudice to Pate from the error, the possibility of future, unforeseen prejudice prevents this court from deeming Pate's erroneous sentence harmless even though it is no longer than, and is served concurrently with, Pate's sentence on the § 841(a)(1) violations. See United States v. Kincaid, 898 F.2d 110, 112 (9th Cir.1990).
 
 III
 
 10
 Finally, Pate alleges ineffective assistance of counsel at the plea hearing, at sentencing, and on appeal. A defendant claiming ineffective assistance of counsel must demonstrate that counsel's actions were outside the wide range of professionally competent assistance, and that defendant was prejudiced by reason of counsel's action. See Strickland v. Washington, 466 U.S. 668, 687-91 (1984). To establish ineffective performance, a petitioner must overcome the "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. On the prejudice prong, where a claim of ineffective assistance is used to attack the validity of a guilty plea, the petitioner must establish "that the ineffective performance 'affected the outcome of the plea process ... [such] that absent the erroneous advice, he would have insisted on going to trial.' " United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996) (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)), cert. denied, 117 S.Ct. 1282 (1997).
 
 
 11
 Pate's claim of ineffective assistance at the plea hearing is belied by the record. Pate actively engaged the court in a colloquy regarding his rights, the nature of the charges against him, and possible penalties. He consulted with his counsel when he had questions, and he was fully responsive to the court's questions. Moreover, Pate indicated during the colloquy that he was satisfied that his attorney had fully considered any defenses he might have to the charges and that he was satisfied with his counsel's representation and advice. "These declarations concerning the performance of [Pate's] counsel were made in open court under oath and thus carry a strong presumption of verity." Grewal, 825 F.2d at 223.
 
 
 12
 Aside from his own declaration attached to his § 2255 motion, Pate did not present any evidence to rebut the strong presumption of verity to which his free and voluntary guilty plea is entitled. Because Pate's contentions in his declaration are contradicted by the plea colloquy, the district court did not abuse its discretion in not holding an evidentiary hearing and did not err in summarily rejecting Pate's claim of ineffective assistance of counsel at the plea hearing. See 28 U.S.C. § 2255 (petitioner entitled to evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief") (emphasis added); see also Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.1989); Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 
 13
 The district court did not err in summarily denying Pate's other ineffective assistance claims. Pate was not prejudiced by counsel's failure to object to technical violations of Rule 11, and Pate was given an opportunity to supplement counsel's Anders brief on appeal. Moreover, because Pate's claims of ineffective assistance of counsel are properly raised on collateral attack rather than direct review, see United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992), counsel's failure to argue ineffective assistance in his Anders brief did not prejudice Pate. Finally, even if counsel was ineffective for failing to challenge the imposition of five years of supervised release on the § 924(c) violation, the proper remedy is to simply to correct the period of supervised release as ordered above.
 
 
 14
 Pate's request for oral argument is denied.
 
 
 15
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court advised Pate that he faced a mandatory sentence of twenty-five years to life on the three charges. Had the government filed Pate's prior drug trafficking conviction against him pursuant to 21 U.S.C. § 851, the mandatory minimum sentence would indeed have been twenty-five years. Because the government did not file Pate's prior conviction, however, the mandatory minimum sentence was actually only fifteen years